IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


ROBERT D. SHELL                                                                    PLAINTIFF


           v.              Civil No. 4:22-cv-04053-SOH-BAB


JAIL ADMINISTRATOR STEVEN OTWELL;
LIEUTENANT GHORMLEY; NURSE PRACTITIONER
DARRELL WAYNE ELKIN; GUARD KATIE SHEETS;
GUARD JACKSON; and GUARD WILL                                        DEFENDANTS


## **<u>ORDER</u>**

Plaintiff, Robert D. Shell, originally filed this 42 U.S.C. § 1983 action *pro se* on May 10, 2023 as Civil Number 6:23-cv-06058-SOH-CDC.  (ECF No. 1).   The Court then severed some of Plaintiff's claims into the instant case and ordered Plaintiff to file an Amended Complaint on the same day.  (ECF No. 2).   Plaintiff was granted Leave to Proceed *in forma pauperis* on May 24, 2023.  (ECF No. 5).   Plaintiff filed his Amended Complaint on May 23, 2022.   (ECF No. 4). Before the Court is Defendants' Motion to Compel.  (ECF No. 39).   Plaintiff has not responded and the time to do so has passed.

## I.      BACKGROUND

In his Amended Complaint, Plaintiff alleges, that while incarcerated in the Nevada County Detention Center ("NCDC"), his constitutional rights were violated.  (ECF No. 4).   On November 21, 2023, Defendants filed the instant Motion to Compel alleging Plaintiff refuses to participate in discovery in this matter.  (ECF No. 39).   Defendants attached all their

1

communications with Plaintiff regarding discovery.

Defendants sent their first set of Interrogatories, including a medical authorization, to Plaintiff on June 21, 2023.   (ECF No. 39, p. 1).   The Court entered a stay of discovery on June 23, 2023.   (ECF No. 12).

On July 5, 2023, Defendants received Plaintiff's signed medical authorization along with a letter stating:

> I object to being interrogated by the defense before or prior to any court proceedings.   I will see you in Court.   I am including the HIPPA authorization forms included so that you may obtain my medical records . . . All other interrogatories can be answered in court proceedings or answers can be provided and evidence found in the grievances general requests, and medical requests in the TurnKey kiosks, the Guardian, or jail camera recordings or security videos.

(ECF No. 39-1, p. 1) (errors in original).

On August 10, 2023, the Court entered an Initial Scheduling Order reopening discovery in this matter.   (ECF No. 22).

On September 27, 2023, Defendants sent Plaintiff a letter and a copy of the previously submitted First Set of Interrogatories and requested Plaintiff respond within thirty (30) days.   On October 3, 2023, Plaintiff responded to Defendants September 27, 2023 request stating:

> I will not answer any questions outside of a court.   Any further mail from you can and should be sent to Mr. Ben Hooten . . . Mr. Hooten has been appointed to represent me in these cases by Honorable Judge Christy Comstock. All grievances, general requests, medical requests [and] records video, and audio recordings speak for themselves.   Mr. Ben Hooten, Attorney at Law, should be contacted for anything further to do with my cases.

(ECF No. 39-3).

On October 5, 2023, Defendants sent Plaintiff another letter requesting he respond to the propounded Interrogatories, and attempting to clarify that Plaintiff proceeds *pro se* in this matter. Defendants included a copy of the docket sheet and specifically noted:

> An attorney has not entered an appearance on your behalf nor has an attorney been appointed to represent you in this case.   As a pro se Plaintiff, you are required to comply with the rules of the Court, including the rules of discovery.   Please provide your responses to the enclosed Interrogatories within the next 30 days.

(ECF No. 39-4, p. 1).   Defendants also again sent the previously propounded Interrogatories.   *Id.*

On October 16, 2023, Plaintiff filed a Notice on the docket in this matter.   This Notice was addressed to the Honorable Christy D. Comstock 1 and complains about Defendants' correspondence with the Interrogatories.   (ECF No. 28).   It is clear from this Notice, Plaintiff believed on October 9, 2023, when he wrote this Notice, Ben Hooten was his court appointed attorney for this case as well as Case Number 6:23-cv-06058-SOH-CDC.

On October 31, 2023, the Honorable Barry A. Bryant, the U.S. Magistrate assigned to pretrial matters in this case, denied Plaintiff's Motion for Appointment of Counsel.   (ECF No. 30).   Accordingly, Mr. Ben Hooten does not, nor has he ever, represented Plaintiff in this case. This Order was mailed to Plaintiff on October 31, 2023, and it was not returned as undeliverable mail.

Plaintiff did not respond to Defendants' Motion to Compel to object or provide any further explanation for his refusal to participate in discovery in this matter.

## II.    APPLICABLE LAW

The scope of discovery in a civil case is governed by Federal Rule of Civil Procedure 26, which provides in part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

---

1 Judge Comstock is the U.S. Magistrate assigned to pretrial matters in Plaintiff's civil case number 6:23-cv-06058.

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.   Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

The burden is generally on the party resisting discovery to show why discovery should be limited.   *Cincinnati Ins. Co. v. Fine Home Managers, Inc.*, 2010 WL 2990118, at *1 (E.D. Mo. July 27, 2010).   In carrying this burden, the objecting party cannot rely on mere statements and conclusions but must specifically show how the objected-to disclosures would be irrelevant or overly burdensome, overly broad, or oppressive.   *See St. Paul Reinsurance Co., Ltd. v. Comm. Fin. Corp.*, 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (collecting cases).

## III.   DISCUSSION

In their Motion to Compel (ECF No. 39), Defendants request the Court compel Plaintiff to answer his First Set of Interrogatories.   Plaintiff has not responded to the Motion to Compel..

Federal Rule of Civil Procedure 33 provides Plaintiff with thirty (30) days to respond to Defendants First Set of Interrogatories.   Fed. R. Civ. P. 33(b)(3).   While the Court appreciates Plaintiff's initial confusion regarding the appointment of counsel, he was provided adequate information to dispel any confusion prior to Defendants' Motion to Compel.   First, on October 5, 2023, Defendants sent him a letter with a copy of the docket sheet evidencing he proceeded *pro se* in this matter.   (ECF No. 39-4, p. 1).   Then the Court entered an Order denying Plaintiff appointment of Counsel on October 31, 2023.   (ECF No. 31).   Yet, Plaintiff still failed to respond to Defendants' First Set of Interrogatories or request additional time to respond to said Interrogatories.   Therefore, Plaintiff has failed to respond in the time required by law.

Furthermore, Plaintiff has failed to object to Defendants' Motion to Compel, thus failing

4

to carry his burden of showing why discovery should be limited.  *See Cincinnati*, 2010 WL 2990118, at *1.

## IV.    CONCLUSION

Accordingly, Defendants' Motion to Compel (ECF No. 39) is **GRANTED**.   Plaintiff is directed to respond to Defendants' First Set of Interrogatories no later than **5:00 p.m. on January 22, 2024.**

**Plaintiff is advised again, he proceeds *pro se* in this case, Civil No. 4:23-cv-04053-SOH-BAB and Mr. Ben Hooton only represents him in his other case, Civil No. 6:23-cv-6058-SOH-CDC.**   Accordingly, Plaintiff is responsible for participating in discovery with defendants in this matter directly.   Furthermore, Plaintiff is advised failure to comply with this Order may subject this case to summary dismissal.

**IT IS SO ORDERED** this **21st day of December 2023**.

s/ *Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE